ORIGINAL

❑ Original          ❑ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>The premises located at 13682 SE 97th Ave, Unit 13694, Clackamas, OR 97015, as described in Attachment A | )<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-mc-00518 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Oregon_____
*(identify the person or describe the property to be searched and give its location)*:

The premises located at 13682 SE 97th Ave, Unit 13694, Clackamas, OR 97015, as described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before _____June 2, 2026_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ❑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____U.S. Magistrate Judge Youlee Yim You via Clerk_____.
*(United States Magistrate Judge)*

❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❑ for _____ days *(not to exceed 30)*   ❑ until, the facts justifying, the later specific date of _____.

Date and time issued:    05/19/2026 1:06 pm          *Youlee Yim You*
                                                      *Judge's signature*

City and state:          Portland, Oregon           Youlee Yim You, United States Magistrate Judge
                                                      *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| | | |
|---|---|---|
| **Return** | | |
| Case No.:<br>3:26-mc-00518 | Date and time warrant executed:<br>May 20, 2026 at 09:40 AM | Copy of warrant and inventory left with:<br>Steven Ryan Reginato |
| Inventory made in the presence of :<br>Jeffrey Hernandez, Special Agent | | |

Inventory of the property taken and name(s) of any person(s) seized:

1. 2 Military Radios
2. Cell Phone (Samsung) of Steven Reginato,
3. Vest Harness
4. ACU Vest Harness
5. Shotgun S/N: 164815K
6. Headset Model: H10-76

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:   May 20, 2026

               *Executing officer's signature*

              Steven King, Special Agent

               *Printed name and title*

**ATTACHMENT A**

**Property to Be Searched**

The property to be searched is Unit 13694 located on the premises of the Crown Court Apartments located at 13682 SE 97th Ave, Clackamas, OR 97015, a ground floor apartment bearing the number 13694 on the door, further described in the photos below.

For physical locations, this includes all areas within and surrounding the primary residence/location, including all rooms, storage areas, containers, patios, secure locations (such as safes), and any persons located within said property or within the residence/location.



The apartment is located at/near the pin, as shown in the photo above.



The above photos depicts the side apartment, located on the lower right side of the building. The Carport number listed in the photos are 75 and 76.



The above photo depicts the rear of the building/apartment, located to the left.



The above photos depicts the residence, as taken from the stairwell, leading down to the apartment. The apartment is partially below the ground, from the front, but from the rear is at grade level.

**ATTACHMENT B**

**Items to Be Seized**

The items to be searched for, seized, and examined, are those items on the premises located at Unit 13694 located on the premises of the Crown Court Apartments located at 13682 SE 97th Ave, Clackamas, OR 97015, referenced in Attachment A, that contain evidence, contraband, fruits, and instrumentalities of violations of 18 U.S.C. § 371 – Conspiracy and 18 U.S.C. § 641 - Theft of Government Property.  The items to be seized cover the period of October 29, 2025, through the date of the execution of the search warrant.

1.     The items referenced above to be searched for, seized, and examined are as follows:

   a.   CSEL Radios bearing Serial Number CS30774, CS30776, CS37937

   b.   Getac with case bearing Serial Number AV-MSD-RL703V0294

   c.   Shout Nano

   d.   Sentry ADS-B Tracker

   e.   Pelican Cases

   f.   ALSE flight vest

   g.   Flight helmets

   h.   Helmet bags

   i.   Flight suit

   j.   Cold weather flight jackets

   k.   Cold Weather Inserts

   l.   Gerber

**Attachment B**                                                                 **Page 1**

m.  Surefire Lights

n.  Stream Light Head Lamps

o.  Apple iPads identified as being associated with the U.S. Government, U.S. Army, Hawaii National Guard, California National Guard, Oregon National Guard, or Christopher Gatrost, Clyde Pelekai, and/or Timothy Howard.

p.  Life Preserver Unit

q.  David Clark headset

r.  Survival Knifes

s.  Items marked as Property of the United States Government or marked as being property of any entity of the United States Government.

t.  Records and/or correspondences, whether in electronic or in paper format, related to e-bay transactions, Facebook, Facebook Marketplace, pawn shops, and/or any other commercial marketplace used to buy and sell goods.

u.  Papers, records, documents, files, notes, memos, mail, or other materials representing residency, ownership, occupancy, dominion, or control of the premises referenced above and described in Attachment A.

v.  Records or keys showing possession of safe deposit boxes, safes, storage units, and any other type of storage areas, including passwords and/or access codes for access during the searches.

w.  Correspondence and communications, whether electronic or in paper format, regarding the possession and/or sale of government property.

**Attachment B**                                                                    **Page 2**

x.  Information pertaining to transactions with and/or correspondence with the U.S. Government and related to the offenses set forth above.

y.  Computers, storage media, or digital devices used as a means to commit the violations described above, including (downloading confidential materials without authorization in violation of 18 U.S.C. § 1030(a)(2).) The government may search these device without further authorization for the following items:

i.  Assigned phone number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

ii.  Stored list of recent received, sent, and missed calls;

iii.  Stored contact information;

iv.  Stored photographs, videos, addresses, calendar notes, notes, map history, or documents/files of or related to U.S. Government/Military Property, evidence of suspected criminal activity, and/or the user of the phone or suspected co-conspirators, including any embedded GPS data or other metadata associated with those photographs, videos, and other items;

v.  Stored text messages related to the aforementioned crimes of investigation, including Apple iMessages, Blackberry Messenger messages, or other similar messaging services where the data is stored on the telephone;

vi.  Stored emails related to the aforementioned crimes of investigation;

vii.  Stored voicemails related to the aforementioned crimes of investigation;

viii.  Stored web browsing history related to the aforementioned crimes of investigation;

**Attachment B**                                                                 **Page 3**

    ix.  Stored social media content/history related to the aforementioned crimes of investigation;

    x.  Stored banking or money transfer history, including application based money transfer data/history (i.e. Venmo or CashApp account data/history); and

    xi.  Stored location data, including from any map applications on the cell phone.

    xii.  Personally Identifiable Information (PII) of members of the U.S. Armed Forces to include flight logs, flight manifests, maintenance records, and other records related to helicopter operations and missions.

2.    As used in this attachment, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

3.    For any computer or storage medium whose seizure is otherwise authorized by this warrant and any computer, storage medium, or digital device that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter "Computer")

**Attachment B**        **Page 4**

a.  Evidence of who used, owned, or controlled the Computer at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence.

b.  Evidence of software that would allow others to control the Computer, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software.

c.  Evidence of the lack of such malicious software.

d.  Evidence indicating how and when the Computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime under investigation and to the Computer user.

e.  Evidence indicating the Computer user's state of mind as it relates to the crime under investigation.

f.  Evidence of the attachment to the Computer of other storage devices or similar containers for electronic evidence.

g.  Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Computer.

h.  Evidence of the times the Computer was used.

i.  Passwords, encryption keys, and other access devices that may be necessary to access the Computer.

**Attachment B**                                                                                          **Page 5**

j.  Documentation and manuals that may be necessary to access the Computer or to conduct a forensic examination of the Computer.

k.  Records of or information about Internet Protocol addresses used by the Computer.

l.  Records of or information about the Computer's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

m.  Contextual information necessary to understand the evidence described in this attachment.

4.  During the execution of the search of the Premises described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; (2) hold a device found at the Premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

### Search Procedure

5.  The search for data capable of being read, stored, or interpreted by a computer or storage device, may require authorities to employ techniques, including imaging any computer or storage media and computer-assisted scans and searches of the computers and storage media, that might expose many parts of the computer to human inspection in order to determine whether it constitutes evidence as described by the warrant.

**Attachment B**                                                          **Page 6**

6.      The government shall complete this review within 365 days of the date of execution of the warrant.  If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

7.      If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the computer and storage media do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court.  Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

8.      If an examination is conducted, and the computer and storage media do not contain any data falling within the ambit of the warrant, the government will return the computer and storage media to its owner within a reasonable period of time following the search and will seal any image of the computer and storage media, absent further authorization from the Court.

9.      If a computer or storage media contains evidence, fruits, contraband, or is an instrumentality of a crime, the government may retain that computer or storage media as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the computer and storage media and/or the data contained therein.

10.      The government will retain a forensic image of the computer and storage media for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence

**Attachment B**                                                                                      **Page 7**

claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.